UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Angelo Walton,<br><br>                    Plaintiff,<br><br>            vs.<br><br>Ford Motor Company, et.al.,<br><br>                    Defendants. | CASE NO. 1:21-CV-607<br><br>JUDGE<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL** |

Defendant Ford Motor Company ("Ford"), by its counsel, hereby removes to this court, pursuant to 28 U.S.C. §§ 1331, and 1441(b), based on federal question, the claims pending as Case No. A2102907 of the Court of Common Pleas for Hamilton County, Ohio. In support of this removal, Ford states as follows:

## I.     THE REMOVED CASE

1.      The removed case is a civil action commenced in the Common Pleas Court for Hamilton County, Ohio by Plaintiff Angelo Walton against Ford and Northgate Ford, Inc. entitled *Angelo Walton v. Ford Motor Company, et al.*, Case No. A2102907 (the "State Action"). The named Defendants are Ford and Northgate.

2.      Plaintiff filed the State Action on August 18, 2021, asserting breach of Magnuson Moss Warranty Act, Ohio Consumer Sales Practices Act, and Revocation of Acceptance claims against Ford. *See* Complaint.

## II.     PROCEDURAL REQUIREMENTS

1.      Ford has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case.  28 U.S.C. § 1446(b).  Ford was served with a copy of the Complaint on August 23, 2021.  This Notice of Removal is therefore timely filed and co-Defendant Northgate Ford, Inc. has consented to this Removal.

2.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Ford's possession are contained in **Exhibit A** filed herewith.

3.      Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Southern District of Ohio because this district embraces the place in which the removed action has been pending.

4.      Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Court of Common Pleas for Hamilton County, Ohio promptly after filing of same in this Court.

5.      Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

6.      If any question arises as to the propriety of the removal of this action, Ford requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

7.      Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

## III.     FEDERAL QUESTION JURISDICTION EXISTS

8.      Ford submits to this Court that it has original jurisdiction because it arises under the laws of the United States and invokes the federal question jurisdiction of this Court as provided in 28 U.S.C. § 1331 and § 1441(b). Specifically, Plaintiff's Complaint alleges a violation of the

federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et. seq.* (the "Warranty Act") by Defendant. As set forth in the Complaint, Plaintiff contends that Ford's alleged failure to conform a vehicle purchased by Plaintiff in Oregon to its written warranty constitutes a violation of the Warranty Act and entitles Plaintiff to recover damages pursuant to 15 U.S.C. § 2310(d)(1). The appropriate district court of the United States has original jurisdiction over any Warranty Act claim where the amount in controversy is $50,000 or greater, exclusive of interests and costs. *See* 15 U.S.C. § 2310(d)(1)(B) and (3)(B).

## IV.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

9.      The amount in controversy in this action exceeds $50,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

10.     "'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Stapleton v. Skyline Terrace Apartments,* N.D. Ohio No. 5:17-cv-02207, 2018 WL 1315151, *1 (Mar. 14, 2018) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

11.     Generally, the amount claimed by the Plaintiff in the original complaint controls the amount in controversy determination. *Gafford v. Gen. Elec. Co.,* 997 F. 2d 150, 155 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L.Ed. 2d 1029 (2010). Where a plaintiff seeks "to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, the defendant satisfies its burden when it proves that the amount in controversy more likely than not exceeds $75,000." *Everett v. Verizon Wireless, Inc.,* 460 F. 3d 818, 822 (6th Cir. 2006), *abrogated on other grounds by Hertz Corp*., 559 U.S. 77, 130 S. Ct. 1181.

12.     Ford disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $50,000 under the "preponderance

of the evidence" standard. *See Hayes v. Equitable Energy Resources Co.,* 266 F. 3d 560, 572 (6th Cir. 2001).

13.     In the case at bar, Plaintiff seeks both monetary relief. This is a products liability case. Plaintiff alleges breach of express and implied warranties under state law and the Magnusson Moss Warranty Act (15 U.S.C. §2301, et. seq.); breach of contract, and a violation of the Ohio Consumer Sales Practices Act (R.C. §1345.01, et. seq.). (Compl. ¶¶ 9-71).

14.     Plaintiff alleges that on July 7, 2018, he purchased a new 2018 Ford F-350 for approximately $65,522.62, and that the vehicle is defective because, upon information and belief, it suffers from "substantial defects." (Compl. ¶¶ 4-6). Plaintiff alleges he took the F-350 in for repairs on multiple occasions and further alleges that it cannot be repaired (Compl. ¶¶ 3).

15.     Plaintiff alleges that the "amount in controversy exceeds FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of interest and costs…, together with equitable relief. (Compl. ¶ 8). This amount is exclusive of the following additional damages Plaintiff seeks to recover: economic damages, noneconomic damages, incidental damages, treble damages, and attorneys' fees. *Id*. Plaintiff also seeks a "refund of the total purchase price, reimbursement of costs associated with accessories added to the vehicle and finance charges paid by Plaintiff for the 2018 F-350". (*Id.*, p. 9).

16.     The amount in controversy calculation includes attorney's fees if a statute allows for payment of attorneys' fees to the prevailing party. *Williamson v. Aetna Life Ins. Co.*, 481 F. 3d 369, 376 (6th Cir. 2007).

17.     Both the Magnusson Moss Warranty Act and Ohio Consumer Sales Practices Act allow for the recovery of attorney's fees, which regularly exceed $30,000. See e.g. *Bales v. Forest River, Inc.*, 8th Dist. Cuyahoga No. 107896, 2019-Ohio-4160 (Court upheld award of $47,637.02 in attorneys' fees and litigation costs in a case with alleged violations of the Ohio Consumer Sales Practices Act and Magnusson Moss Warranty Act).

18.     If Plaintiff were to prevail on their Consumer Sales Practices Act claims, he could be awarded damages of $50,000.00 or more if awarded a refund of the purchase price for the 2018

F-350. Thus, it is more likely than not that the amount in controversy exceeds $50,000.

19. Thus, the total amount in controversy therefore exceeds $50,000.00. The amount in controversy is satisfied.

## CONCLUSION

20. Consequently, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. §§ 1331, and 1441(b) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Ohio, (ii) the action is based on federal question, and (iii) the amount in controversy exceeds $50,000.00, exclusive of interest and costs.

Respectfully submitted,

*/s/ Jeremiah J. Wood*
Jeremiah J. Wood (0075728)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
Telephone: (614) 462-5139
Fax: (614) 462-2654
Email: jjwood@bakerlaw.com
Attorney for Ford Motor Company

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he served a copy of the foregoing document to the following via electronic mail, on September 22, 2021:

Christopher A. Winkler, Esq.
Ronald J. Bolz, Esq.
Law Offices of Ronald J. Bolz
30928 Ford Road
Garden City, MI 48135
cwinkler@lemonauto.com
*Attorneys for Plaintiff*

/s/ *Jeremiah J. Wood*
Jeremiah J. Wood

 CT Corporation

**Service of Process Transmittal**
08/23/2021
CT Log Number 540118973

**TO:** Chuck Morici
Ford Motor Company
1 American Rd
Dearborn, MI 48126-2798

**RE:** **Process Served in Ohio**

**FOR:** Ford Motor Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Angelo Walton, Pltf. vs. Ford Motor Company and Northgate Lincoln-Mercury, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint |
| **COURT/AGENCY:** | Hamilton County Court of Common Pleas, OH<br>Case # A2102907 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2018 Ford F-350, VIN#: 1FT8W3BT2JEB88258 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Columbus, OH |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/23/2021 postmarked on 08/19/2021 |
| **JURISDICTION SERVED :** | Ohio |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Christopher A. Winkler<br>Law Office of Ronald J. Bolz, PLLC<br>30928 Ford Road<br>Garden City, MI 48135<br>734-261-4700 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/23/2021, Expected Purge Date: 08/28/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**AFTAB PUREVAL**
1000 MAIN STREET ROOM 315
CINCINNATI OH 45202
COMMON PLEAS CIVIL
A 2102907 D 1



08/19/2021
US POSTAGE $007.55⁰

ZIP 45202
041L12204676

# CERTIFIED MAIL



7194 5168 6310 0946 0097

08/19/2021 SUMMONS & COMPLAINT
FORD MOTOR COMPANY
CO CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY SUITE 125
COLUMBUS OH 43219

COPY

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO


ANGELO WALTON
    **PLAINTIFF**

                                        Use below number on
                                        all future pleadings

    -- vs --
                                    No.  A 2102907
                                            SUMMONS

FORD MOTOR COMPANY
    **DEFENDANT**


    FORD MOTOR COMPANY
    CO CT CORPORATION SYSTEM                D - 1
    4400 EASTON COMMONS WAY SUITE 125
    COLUMBUS OH 43219


You are notified
that you have been named Defendant(s) in a complaint filed by

    ANGELO WALTON
    38 DEWITT STREET
    CINCINNATI OH 45218

                                                    Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET  ROOM 315,**
**CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.


Name and Address of attorney              AFTAB PUREVAL
CHRISTOPHER WINKLER                       Clerk, Court of Common Pleas
30928 FORD RD                                Hamilton County, Ohio
GARDEN CITY       MI        48135

                                    By  RICK HOFMANN
                                                    Deputy

                                    Date:   August 19, 2021

D132730524



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
August 18, 2021 03:45 PM
AFTAB PUREVAL
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1099821

**ANGELO WALTON**                     **A 2102907**

**vs.**
**FORD MOTOR COMPANY**

## FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND

### PAGES FILED: 31

EFR200

**IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO**

ANGELO WALTON                )
38 Dewitt Street                  )
Cincinnati, OH 45218       )

                              )
v.                            )

                              )
FORD MOTOR COMPANY     )
c/o CT Corporation System    )
4400 Easton Commons Way, Ste. 125  )
Columbus, Ohio 43219       )

                              )
NORTHGATE LINCOLN-MERCURY, INC.)
d/b/a NORTHGATE FORD    )
8810 Colerain Ave.           )
Cincinnati, OH 45251        )
                              )

Case No:

Judge:

**COMPLAINT**

(Jury Demand Endorsed Hereon)

NOW COMES the Plaintiff, by and through the undersigned attorneys, complains against the above named Defendants as follows:

1.     Plaintiff is a resident of the city of Cincinnati, Ohio.

2.     Defendant, Ford Motor Company (hereinafter referred to as "Manufacturer"), is a Delaware Corporation authorized to do business in the State of Ohio and, at all times relevant hereto, was engaged in the manufacture, warrantying, sale distribution and/or importing of Ford vehicles and related parts and equipment for sale in the state of Ohio, with its registered office in the city of Columbus, County of Franklin, Ohio.

3.     Defendant, Northgate Lincoln-Mercury, Inc. d/b/a Northgate Ford (hereinafter referred to as "Seller"), is an Ohio corporation authorized to do business in the State of Ohio and, at all times relevant hereto, was an authorized agent for Manufacturer, and was engaged in the business of selling and servicing Ford vehicles in the City of Cincinnati, Hamilton County, and State of Ohio.

4.     On or about July 7, 2018, Plaintiff entered into a vehicle purchase agreement with Seller, and was delivered a 2018 Ford F-350, VIN 1FT8W3BT2JEB88258 (hereinafter referred to as "2018 F-350") (see copy of the Retail Installment Contract attached as Exhibit A).

5.     Along with the sale and servicing of the 2018 F-350, Plaintiff received written warranties and other express and implied warranties from Defendants. (A copy of the written warranties is in the possession of the Defendants and too voluminous to attach hereto).

6.     Plaintiff has taken the 2018 F-350 to Manufacturer's authorized agents/dealers, including Seller, for repair of substantial defects, however the vehicle's substantial nonconformities were not timely repaired. (See including, but not limited to, the repair records attached as Exhibit B)

7.     This cause of action arises out of Defendants', various breaches of warranties, violations of statutes as hereinafter alleged.

8. The amount in controversy exceeds FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief. In addition, Plaintiff seeks damages from the Defendants as set forth below, including, but not limited to, economic damages, noneconomic damages, incidental, consequential and actual damages, interest, costs, and attorneys' fees.

## COUNT I
## BREACH OF EXPRESS WARRANTY

9. Plaintiff incorporates herein by reference each and every allegation contained in Paragraphs 1 through 8 as though herein fully restated and realleged.

10. Plaintiff is a "buyer" under the Ohio Uniform Commercial Code, Ohio Rev. Code (ORC) 1302.01.

11. Defendants are "sellers" under the Ohio Uniform Commercial Code, ORC 1302.01

12. The 2018 F-350 constitutes "goods" under the Ohio Uniform Commercial Code, ORC 1302.01.

13. This is a "transaction in goods," to which ORC 1302.02 is applicable.

14. Plaintiff's purchase of the 2018 F-350 was accompanied by an express, written warranty, offered by the Defendants. At the subsequent servicing of the vehicle, an additional warranty was provided regarding the parts installed and labor performed. Whereby said warranties were part of the basis of the bargain of the contract, upon which Plaintiff relied, between Plaintiff and Defendants for its sale and servicing of the vehicle.

15.     In these express warranties, the Defendants warranted if any defects were discovered within certain periods of time, the Defendants would provide repair of the 2018 F-350 in a reasonable amount of time and free of charge to Plaintiff under the terms of the express warranty.

16.     Plaintiff discovered the 2018 F-350 had defects and problems after Plaintiff purchased the vehicle as discussed above.

17.     Plaintiff notified Defendants of the aforementioned defects.

18.     Plaintiff has provided the Defendants with reasonable opportunities to repair or replace the 2018 F-350. (Including, but not limited to, Exhibit B, repair orders).

19.     Plaintiff has reasonably met all obligations and pre-conditions as provided in the express warranty.

20.     During the service history of the vehicle the Defendants failed to adequately repair the 2018 F-350 and/or did not repair the 2018 F-350 in a timely fashion.

21.     The 2018 F-350's defects have rendered the limited warranties ineffective to the extent that the limited remedy of repair and/or adjustment of defective parts failed of its essential purpose pursuant to ORC 1302.93(B).

22.     The 2018 F-350 contained defects which substantially impair the value and use of the 2018 F-350 to the Plaintiff.

23.     These defects could not reasonably have been discovered by the Plaintiff prior to Plaintiff's purchase and/or acceptance of the 2018 F-350.

24.     The Defendants induced Plaintiff's acceptance of the 2018 F-350 by agreeing, by means of the express warranties, to remedy, within a reasonable time,

those defects which had not been or could not have been discovered prior to acceptance.

25.      The 2018 F-350's defective condition has substantially impaired its use and value to the Plaintiff, and the 2018 F-350 was in substantially the same condition as at delivery except for damage caused by its own defects and ordinary wear and tear.

26.      If the finder of fact finds revocation and/or return of the vehicle is improper, then, in the alternative, Plaintiff has suffered and is entitled to damages for breach of warranty calculated by the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted.

27.      The Defendants have refused Plaintiff's demands and have refused to provide Plaintiff with the remedies to which Plaintiff is entitled pursuant to ORC 1302.26, ORC 1302.85, ORC 1302.88, and ORC 1302.89.

WHEREFORE, Plaintiff prays for judgment against Defendants:

A.      Declaring acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance;

B.      For a refund of the total purchase price, reimbursement of costs associated with accessories added to the vehicle and finance charges paid by Plaintiff for the 2018 F-350;

C.      To cancel Plaintiff's retail installment contract and pay off the balance on the contract;

D.      For incidental, consequential and actual damages;

E.      For all damages caused by a Defendant's breach of warranty;

F.     For costs, interest and attorneys' fees; and

G.     For such other relief this Court deems appropriate.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

28.     Plaintiff incorporates herein by reference each and every allegation
contained in Paragraphs 1 through 27 as though herein fully restated and realleged.

29.     The Defendants are "merchants" with respect to automobiles and their
replacement parts under the Ohio Uniform Commercial Code, ORC 1302.01.

30.     The 2018 F-350 and the replacement parts installed on it at its subsequent
servicing were subject to implied warranties of merchantability under ORC 1302.27,
running from the Defendants to the benefit of Plaintiff.

31.     The 2018 F-350 and replacement parts installed on the vehicle were not fit
for the ordinary purpose for which such goods are used and/or would not pass without
objection in the trade.

32.     The defects and problems hereinbefore described rendered the 2018 F-
350 and replacement parts unmerchantable.

33.     The Defendants failed to deliver a merchantable vehicle and replacement
parts provided and installed on the vehicle by Defendants were of an unmerchantable
condition.

WHEREFORE, Plaintiff prays for judgment against Defendants:

A.     Declaring acceptance has been properly revoked and for damages
incurred in revoking acceptance;

B.     For all damages caused by a breach of implied warranty;

C.    For a refund of the total purchase price, reimbursement of costs associated with accessories added to the vehicle and finance charges paid by Plaintiff for the 2018 F-350;

D.    To cancel Plaintiff's retail installment contract and pay off the balance on the contract;

E.    For consequential, incidental and actual damages;

F.    Costs, interest and attorneys' fees; and

G.    Such other relief this Court deems appropriate.

**COUNT III**
**REVOCATION OF ACCEPTANCE**

34.    Plaintiff incorporates herein by reference each and every allegation contained in Paragraphs 1 through 33 as though herein fully restated and realleged.

35.    Plaintiff accepted the 2018 F-350 without discovering the above defects due to the fact Plaintiff was reasonably induced to accept the vehicle by the difficulty of discovery of the above defects.

36.    In the alternative, Plaintiff reasonably assumed, and Defendants represented, that all of the aforesaid defects and/or nonconformities would be cured within a reasonable time.

37.    After a reasonable number of attempts by Defendants to cure, it became apparent the nonconformities could not be seasonably cured.

38.    The nonconformities substantially impaired the value of the 2018 F-350 to the Plaintiff.

39.     Plaintiff has previously notified Defendants of the nonconformities and Plaintiff notified Defendant that he seeks revoke acceptance pursuant to ORC 1302.66 and demanded the refund of his purchase price for the 2018 F-350 and out-of-pocket expenses. (Including, but not limited to, the copy of Plaintiff's letter attached hereto as Exhibit C).

40.     Defendants have failed to accept return of the 2018 F-350 and have failed to refund any part of the sum equal to the purchase price and out-of-pocket expenses incurred by Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants:

A.     Declaring acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance;

B.     For a refund of the total purchase price, reimbursement of costs associated with accessories added to the vehicle and finance charges paid by Plaintiff for the 2018 F-350;

C.     To cancel Plaintiff's retail installment contract and pay off the balance on the contract;

D.     For consequential, incidental and actual damages;

E.     Costs, interest and attorneys' fees; and

F.     Such other relief this Court deems appropriate.

**COUNT IV**
**BREACH OF WRITTEN WARRANTY UNDER**
**MAGNUSON-MOSS WARRANTY ACT**

41.     Plaintiff incorporates herein by reference each and every allegation contained in Paragraphs 1 through 40 as though herein fully restated and realleged.

42.     Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter referred to as the "Warranty Act") 15 USC 2301(3).

43.     The Defendants are "suppliers" and "warrantors" as defined by the Warranty Act, 15 USC 2301(4) and (5).

44.     The 2018 F-350 and its replacement parts are "consumer products" as defined in the Warranty Act, 15 USC 2301(1).

45.     The 2018 F-350 was manufactured, sold and purchased after July 4, 1975.

46.     The express warranty given by the Defendants pertaining to the 2018 F-350 and replacement parts are "written warranties" as defined in the Warranty Act, 15 USC 2301(6).

47.     The Seller and other servicing dealerships are authorized dealerships/agents of Ford Motor Company designated to perform repairs on vehicles under Ford Motor Company's automobile warranties.

48.     The above-described actions (failure to timely repair and/or properly repair the above-referenced defects, etc.), including failure to honor the written warranty, constitute a breach of the written warranty by the Defendants actionable under the Warranty Act, 15 USC 2310(d)(1) and (2) have damaged the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants:

A.     Declaring acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance;

B.     All damages caused by a breach of written warranty;

C.    For a refund of the total purchase price, reimbursement of costs associated with accessories added to the vehicle and finance charges paid by Plaintiff for the 2018 F-350;

D.    To cancel Plaintiff's retail installment contract and pay off the balance on the contract;

E.    For consequential, incidental and actual damages;

F.    For costs, interest and attorneys' fees; and

G.    Such other relief this Court deems appropriate.

**COUNT V**
**BREACH OF IMPLIED WARRANTY UNDER**
**MAGNUSON-MOSS WARRANTY ACT**

49.    Plaintiff incorporates herein by reference each and every allegation contained in Paragraphs 1 through 48 as though herein fully stated and realleged.

50.    The above-described actions on the part of the Defendants constitute a breach of the implied warranty of merchantability actionable under the Warranty Act, 15 USC 2301(7), 2308, 2310(d)(1) and (2).

WHEREFORE, Plaintiff prays for judgment against Defendants:

A.    Declaring acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance;

B.    For a refund of the total purchase price, reimbursement of costs associated with accessories added to the vehicle and finance charges paid by Plaintiff for the 2018 F-350;

C.    To cancel Plaintiff's retail installment contract and pay off the balance on the contract;

D.    For consequential, incidental and actual damages;

E.    All damages caused by a breach of implied warranty;

F.    For costs, interest and attorneys' fees; and

G.    Such other relief this Court deems appropriate.

## COUNT VI
## VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT
## ORC 1345.01 ET SEQ.

51.    Plaintiff incorporates herein by reference each and every allegation contained in Paragraphs 1 through 50 as though herein fully restated and realleged.

52.    Plaintiff is a "person" within the meaning of ORC 1345.01(B).

53.    Defendants are engaged in "consumer transactions" as defined in ORC 1345.01(A).

54.    The Defendants have engaged in unlawful, unfair, unconscionable, or deceptive methods, acts or practices under ORC 1345.02 and/or ORC 1345.03, including but not limited to:

(a)    The Defendants represented to Plaintiff that the 2018 F-350, the applicable warranties, the replacement parts installed on it, and the repairs performed had characteristics, uses, benefits, qualities, and standards which they did not actually have.

(b)    The Defendants represented to Plaintiff that the 2018 F-350, the applicable warranties, the replacement parts installed on it, and the repairs performed were of a particular quality and standard and they were not.

(c)     The Defendants have failed to provide a proper refund as required by law, including, but not limited to a refund of the total purchase price, reimbursement of added accessory costs and finance charges,  rescind the transaction and restore an amount equal to Plaintiff's down payment and other payments made by Plaintiff on the 2018 F-350.

(d)     The Defendants have failed to provide the promised benefits to Plaintiff with regard to the 2018 F-350, the applicable warranties, the repairs performed, and the replacement parts installed on it.

(e)     The Defendants have made material representations of fact and/or statements of fact such that the Plaintiff reasonably believed that the represented or suggested standard, quality, characteristics, and uses of the 2018 F-350, the warranties, the repairs performed and the replacement parts to be other than they actually were.

(f)     The Defendants have made representations of fact and/or statements of fact such that the Plaintiff reasonably believed that the represented or suggested quality of service and workmanship of the 2018 F-350, the applicable warranties, the replacement parts and the repairs performed to be other than it actually was.

(g)     The Defendants have failed to provide the promised benefits to Plaintiff with regard to the sale and servicing of the 2018 F-350 to Plaintiff in that the Defendants have breached implied and express warranties to Plaintiff.

(h)     Breach of a written warranty.

(I)     Breach of an implied warranty related to the vehicle or parts provided during the servicing thereof.

(j)     Providing a warranty promising timely and adequate repair of a vehicle and failing to provide the promised remedy.

(k)     Returning the vehicle to a consumer after a repair when knowing or having reason to know that the repair was not adequate, did not remedy the defective nature of the vehicle and/or did not successfully correct the underlying problem with the vehicle.

55.     The Plaintiff has suffered loss and damages as a result of the aforesaid violations of the Ohio Consumer Sales Practices Act.

56.     Defendants knowingly violated the Consumer Sales Practices Act as described above.

WHEREFORE, Plaintiff prays this Court enter a declaratory judgment as to the violations of the Consumer Sales Practices Act and for judgment against Defendants for rescission of the contract, revocation of acceptance, a refund of Plaintiff's total purchase price, reimbursement of added accessory costs, and finance charges, three times all actual damages Plaintiff has incurred, all statutory damages available, actual damages, incidental damages, consequential damages, economic damages, noneconomic damages, all damages and remedies available under ORC 1345.09, attorneys' fees as provided by statute, together with interest, costs and expenses of this suit, and such other relief as this Court deems appropriate and equitable.

## COUNT VII
## BREACH OF CONTRACT

57.     Plaintiff incorporates herein by reference each and every allegation contained in Paragraphs 1 through 56 as though herein fully restated and realleged.

58.     A written limited warranty and implied warranty of merchantability accompanied the delivery of the 2018 F-350 to Plaintiff and the subsequent servicing of the vehicle. The limited warranty provided the Seller and Manufacturer would successfully and timely repair or adjust all parts found to be defective in factory-supplied materials or workmanship.

59.     The sale of the vehicle, the written warranty and subsequent servicing of the 2018 F-350 created a contractual relationship between the Defendants and Plaintiff.

60.     The Defendants have breached their contractual obligations to the Plaintiff related to its sales contract, limited warranty contract and servicing contract in that they have failed to timely or properly repair or adjust defective parts covered under the limited warranty, have failed to do the same within the limited warranty coverage period, and within a reasonable time, provided an unmerchantable vehicle and provided unmerchantable replacement parts.

61.     Plaintiff has been damaged as a result of the Defendants' breach of contractual obligations.

WHEREFORE, Plaintiff prays for judgment against all Defendants:

A.      For all damages incurred by Plaintiff created by Defendants' breach of contract, including all monies paid for the purchase of the 2018 F-350;

B.     For a refund of the total purchase price, reimbursement of costs associated with accessories added to the vehicle and finance charges paid by Plaintiff for the 2018 F-350;

C.     For incidental, consequential, exemplary and actual damages;

D.     To cancel Plaintiff's retail installment contract and pay off the balance of the contract;

E.     For costs and expenses, interest, and attorneys' fees; and

F.     Such other relief this Court deems appropriate.

**COUNT VIII**

**VIOLATION OF THE OHIO NONCONFORMING**
**NEW MOTOR VEHICLE LAW, ORC 1345.71 ET SEQ.**

62.     Plaintiff incorporates herein by reference each and every allegation contained in Paragraphs 1 through 61 as though herein fully restated and realleged.

63.     Plaintiff is a "consumer" under the Ohio Nonconforming New Motor Vehicle Law Act (hereinafter referred to as "Lemon Law"), ORC 1345.71(A).

64.     Defendant Ford Motor Company is a manufacturer under the Lemon Law, ORC 1345.71(B).

65.     The 2018 F-350 is a "motor vehicle" under the Lemon Law, ORC 1345.71(D).

66.     The express warranties given by Manufacturer, covering the 2018 F-350 are "express warranties" under the Lemon Law, ORC 1345.71(C).

67.     The Defendants have failed to conform the vehicle to the express warranty within a reasonable amount of repair time as required by this statute.

68.     By way of example, but not limited to, Plaintiff's 2018 F-350 has been subject to a reasonable number of repair attempts for nonconformities in that:

(a)     Within one year from the date of purchase and 18,000 miles of use, the vehicle was out of service by reason of repair for a cumulative total of 30 or more days (see, but not necessarily limited to, Exhibit B, repair orders);

(b)     Within one year from the date of purchase and 18,000 miles of use, the motor vehicle was subject to at least one repair attempt by Manufacturer through its dealers for a nonconformity that results in a condition that is likely to cause death or serious bodily injury if the vehicle is driven and this nonconformity continues to exist or has reoccurred (see, but not necessarily limited to, Exhibit B, repair orders);  and/or

(c)     The presumption contained in ORC 1345.73 has been met.

69.     Plaintiff reported the nonconformities set forth above to Defendant Manufacturer and its agents and/or authorized dealers within one year of the date of original delivery and during the first 18,000 miles of use.  (See, but not necessarily limited to, Exhibit B, repair orders).

70.     Manufacturer's repair attempts have been untimely, as the 2018 F-350 continued to manifest the aforementioned nonconformities to the extent required by this statute.

71.     The aforementioned nonconformities result in a condition that is likely to cause death or serious bodily injury, substantially impair the use, safety, and value of the 2018 F-350 to the Plaintiff and prevent the 2018 F-350 from conforming to the Manufacturers' express warranties.

WHEREFORE, Plaintiff prays for the following relief:

A.     Replacement of the 2018 F-350 with a comparable replacement motor vehicle currently in production and acceptable to Plaintiff as provided by ORC 1345.72; or

B.     Pursuant to ORC 1345.72, Manufacturer must provide Plaintiff with all statutory relief, including but not limited to, accepting the return of the vehicle and provide Plaintiff with a refund of the full purchase price as defined by ORC 1345.71(F) and including options or other modifications installed, the amount of all charges made by or for a Defendant, finance charges, interest, towing charges and rental costs. In addition, pursuant to ORC 1345.72, the Manufacturers must pay off the balance on the retail installment contract.

C.     Pursuant to ORC 1345.75, Plaintiff is entitled to a sum equal to the aggregate amount of costs and expenses, including attorneys' fees based on actual time expended by Plaintiff's attorney in commencement and prosecution of this action.

D.     Incidental and consequential damages as provided by ORC 1345.72.

E.     For prejudgment interest.

F.     Reimbursement of costs associated with accessories and options added to the vehicle;

G.    For such other and further relief as may be justified in this action.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues triable as such.

Respectfully submitted,

LAW OFFICE OF RONALD J. BOLZ, PLLC

By:    _____
CHRISTOPHER A. WINKLER (0078935)
RONALD J. BOLZ (0051838)
Attorneys for Plaintiff
30928 Ford Road
Garden City, MI  48135
(734) 261-4700
cwinkler@lemonauto.com

Dated: August 18, 2021

# Exhibit A

BO

Phone: (513) 385-1414

Northgate Lincoln-Mercury, Inc. D.B.A.

# NORTHGATE FORD
### VEHICLE PURCHASE CONTRACT
### AND/OR DEPOSIT RECEIPT

8940 Colerain Avenue · Cincinnati, Ohio 45251

Deal No. **59285**

Cust. No. **N314586**

Date **07/07/2018**

Salesperson **RODERICK STANCLIFF**

Order #

The undersigned (Purchaser) hereby agrees, under the terms and conditions set forth below, to purchase from Northgate Ford (Seller) the following:

**PURCHASER**

Name **ANGELO WALTON**

**VEHICLE**

☒ NEW    ☐ DEMO    ☐ RENTAL UNIT    ☐ USED

Yr. **2018** Make **FORD**    Stock No. **JEB88258**

Model **F-350**    Body Type

Color **MAGNETIC**    Top    Trim

V.I.N. **1FT8W3BT2JEB88258**

SIGNER(S)    **ANGELO WALTON**

**THANK YOU FOR YOUR BUSINESS**

| TRADE-IN (1) | | PURCHASE |
|---|---|---|
| Yr        Make | Selling Price | 58270.36 |
| Model | Protection Package | 1299.00 |
| Vin # | Added Equip. | 1600.00 |
| Mileage | Doc Fee | 75.00 |
| Stock # | Ext Serv Agrmt | N/A |
| TRADE-IN (2) | | GAP    895.00 |
| Yr        Make | | N/A |
| Model | | N/A |
| Vin # | SUB TOTAL | N/A |
| | | 62139.36 |
| Mileage | Sales Tax | 4349.76 |

| | N/A |
| | N/A |
| | N/A |
| | N/A |

**TOTAL AFTERMARKETS**    1600.00

**TERMS AND CONDITIONS**

1) The odometer of the purchased vehicle currently reads **124** miles and is accurate to the best of Seller's knowledge.

2) This written Vehicle Purchase Contract constitutes the final expression of our agreement. Any and all representations, promises, warranties or statements by Seller's agents or employees that differ in any way from this written agreement shall be null and void. This contract is not binding upon Seller until accepted by Seller in writing.

3) In the event Purchaser breaches this contract by failure to take delivery of the purchased vehicle, it is agreed that in lieu of proving damages, the Seller's liquidated damages shall be twenty percent (20%) of the Total Cash Price. The Seller shall have the right to apply any downpayment, deposit, or trade-in vehicle against such damages.

4) Purchaser warrants to Seller that Purchaser's trade-in vehicle does not have a "salvage", "flood", "lemon law buyback" or other type of branded title. Purchaser further warrants that no emission system on the trade-in vehicle is in proper operating condition and has not been modified in any manner. Seller reserves the right to reappraise or refuse the trade-in allowance if the trade-in value or condition has diminished between the time this contract was executed and Purchaser delivered the trade-in to Seller.

5) Seller acknowledges receipt of the above deposit and will hold this or a similar vehicle until **07/07/2018**. Deposit is refundable only upon purchase of this or another vehicle from Seller.

6) None of the above Terms and Conditions shall be construed to limit Seller's legal remedies against Purchaser. This contract shall be construed under Ohio law.

**NEGATIVE EQUITY TRANSFER AGREEMENT**

I/WE ACKNOWLEDGE THE BALANCE OWED ON THE TRADE-IN VEHICLE EXCEEDS ITS ACTUAL CASH VALUE. I/WE AGREE TO TRANSFER $ **N/A** OF THE TRADE-IN PAYOFF TO THE BALANCE DUE ON THE PURCHASED VEHICLE.

X _____ **N/A** _____
Purchaser(s)

**WARRANTY INFORMATION**

THE ONLY WARRANTY ON THE VEHICLE IS THAT WHICH IS SUPPLIED BY THE VEHICLE MANUFACTURER, UNLESS THE SELLER, NORTHGATE FORD, FURNISHES BUYER WITH A SEPARATE WRITTEN WARRANTY, MADE BY SELLER ON ITS OWN BEHALF. IN ALL CASES EXCEPT SELLER'S SEPARATE WRITTEN WARRANTY, SELLER HEREBY EXPRESSLY DISCLAIMS ANY AND ALL WARRANTIES, EITHER EXPRESSED OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. THE PURCHASER, BY EXECUTION OF THIS CONTRACT, ACKNOWLEDGES THAT HE/SHE HAS READ THE CONTRACT AND AGREES TO ALL ITS TERMS AND CONDITIONS.

If the vehicle purchased is a "used vehicle" by definition in The Federal Trade Commission Used Motor Vehicle Trade Regulation Rule, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

X _____
Purchaser(s)

| | TRADE-IN BALANCE OWED TO | |
|---|---|---|
| Combined Allowance    N/A | New License ☐ | |
| | Trans ☐ Temp ☐ | 18.50 |
| Deposit    N/A | Title ☐ | 15.00 |
| Cash Due    N/A | | |
| **REBATES    1000.00** | TOTAL CASH PRICE | 66522.62 |
| **TOTAL CREDITS    1000.00** | ( | 1000.00) |

TRADE-IN BALANCE OWED TO

| | TRADE-IN PAYOFF | N/A |
|---|---|---|

☐ SPOT DELIVERY Purchaser agrees that a Motor Vehicle Contingent Delivery Agreement and Modification to Purchaser's Installment and/or Security Agreement is part of this Vehicle Purchase Contract.

Initials X _A/W_

| | BALANCE DUE | 65522.62 |
|---|---|---|

**— FOR OFFICE USE ONLY —**

ACV. _____

C. _____

D.F.M. _____

UNPAID BALANCE OF CASH PRICE DUE FROM

**FIFTH THIRD BANK**

**PO BOX 997548**

**SACRAMENTO, CA 95899**

ACCEPTED
NORTHGATE FORD

by _____

_A/W_ purchaser initials    DUE BILL is part of this contract

_____ purchaser initials    HOLD CHECK agreement is part of this contract

45600*1*NFLM-F1

# Exhibit B

## Vehicle History Report
### 04/30/2021 03:12 PM

VIN: 1FT8W3BT2JEB88258                                                    2018 FORD F-350

| Repair Order: 431114 | Mileage: 49626 | Total: $67.00 |
|---|---|---|
| Open Date: 10/13/2020 | Closed Date: 12/23/2020 | Advisor: Brandon Crone |
| Owner: ANGELO WALTON | | |

**Service: WT001 P&A BALLANCE 4 TIRES**

| Type: | Technician: Gary Barrett | Comeback: N |
|---|---|---|
| Labor: $125.00 | Parts: $0.00 | Misc: $0.00 |

Complaint: P&A BALLANCE 4 TIRES
Cause:
Correction:

**Service: MA50 Wiper Blades, Front - Replace**

| Type: | Technician: Gary Barrett | Comeback: N |
|---|---|---|
| Labor: $3.00 | Parts: $34.96 | Misc: $0.00 |

Complaint: Wiper Blades, Front - Replace
Cause:
Correction:

**Service: BR12 Brake Pads, Front (OEM) - Replace and Machine Rotors**

| Type: | Technician: Gary Barrett | Comeback: N |
|---|---|---|
| Labor: $262.50 | Parts: $129.06 | Misc: $0.00 |

Complaint: Brake Pads, Front (OEM) - Replace and Machine Rotors
Cause:
Correction:

**Service: SS STEERING WHEEL OSILATION**

| Type: CPF | Technician: Gary Barrett | Comeback: N |
|---|---|---|
| Labor: $0.00 | Parts: $0.00 | Misc: $0.00 |

Complaint: STEERING WHEEL OSILATION
Cause:
Correction:

**Service: SS CUST STATES VEHICLE WAS HIT IN THE PASSENGER SIDE FRONT AND SINCE THEN STEERING WHEEL IS NOT STRAIGHT ADVISE FOR REPAIR**

| Type: CPF | Technician: Gary Barrett | Comeback: N |
|---|---|---|
| Labor: $0.00 | Parts: $0.00 | Misc: $0.00 |

Complaint: CUST STATES VEHICLE WAS HIT IN THE PASSENGER SIDE FRONT AND SINCE THEN STEERING WHEEL IS NOT STRAIGHT ADVISE FOR REPAIR
Cause:
Correction:

**Service: BR001 P&A REAR BRAKE PADS MACHINE ROTORS**

| Type: | Technician: Gary Barrett | Comeback: N |
|---|---|---|
| Labor: $250.00 | Parts: $0.00 | Misc: $0.00 |

Complaint: P&A REAR BRAKE PADS MACHINE ROTORS
Cause:
Correction:

**Service: FS001 P&A FRONT END ALIGNMENT**

| Type: | Technician: Gary Barrett | Comeback: N |
|---|---|---|
| Labor: $250.00 | Parts: $0.00 | Misc: $0.00 |

Complaint: P&A FRONT END ALIGNMENT
Cause:
Correction:

Service: SS C/S VEHICLE WAS HIT ON THE PASS SIDE FRONT WHEEL, PLEASE SEE IF THERE IS ANY DAMAGE RELATED TO THAT

| Type: CPF | Technician: Gary Barrett | Comeback: N |
|---|---|---|
| Labor: $62.50 | Parts: $0.00 | Misc: $0.00 |

Complaint: C/S VEHICLE WAS HIT ON THE PASS SIDE FRONT WHEEL, PLEASE SEE IF THERE IS ANY DAMAGE RELATED TO THAT

Cause:

Correction:

Service: 99P COMPLETE VEHICLE INSPECTION REPORT AND FILL OUT VEHICLE REPORT CARD.

| Type: CPF | Technician: Gary Barrett | Comeback: N |
|---|---|---|
| Labor: $0.00 | Parts: $0.00 | Misc: $0.00 |

Complaint: COMPLETE VEHICLE INSPECTION REPORT AND FILL OUT VEHICLE REPORT CARD.

Cause:

Correction:

Service: WT001 P&A 2 WHEEL LUG NUTS AND RIGHT FRONT CENTER CAP

| Type: | Technician: Gary Barrett | Comeback: N |
|---|---|---|
| Labor: $37.50 | Parts: $0.00 | Misc: $0.00 |

Complaint: P&A 2 WHEEL LUG NUTS AND RIGHT FRONT CENTER CAP

Cause:

Correction:

| Repair Order: 431809 | Mileage: 99641 | Total: $0.00 |
|---|---|---|
| Open Date: 10/28/2020 | Closed Date: 10/29/2020 | Advisor : Mikal Crist |
| Owner: ANGELO WALTON* | | |

Service: SS C/S PASSENGER SIDE FRONT DOOR IS TAKING ON A LOT OF WATER. CHECK TO FIND WHERE WAT IS GETTING ON AND PROVIDE ESTIMATE FOR REPAIR.

| Type: ISERV | Technician: Gary Barrett | Comeback: N |
|---|---|---|
| Labor: $35.00 | Parts: $0.00 | Misc: $0.00 |

Complaint: C/S PASSENGER SIDE FRONT DOOR IS TAKING ON A LOT OF WATER. CHECK TO FIND WHERE WAT IS GETTING ON AND PROVIDE ESTIMATE FOR REPAIR.

Cause:

Correction: 99641 VERIFIED PASSENGER DOOR HOLDING WATER, VISUAL INSPECTION, DRAINS AT BOTTOM O DOOR PLUGGED UP, CLEAN DRAINS, VERIFIED DRAIN PROPERLY.

| Repair Order: 413848 | Mileage: 33589 | Total: $1,657.00 |
|---|---|---|
| Open Date: 10/28/2019 | Closed Date: 11/04/2019 | Advisor : Tracy Rowland |
| Owner: ANGELO WALTON* | | |

Service: 4WA FOUR WHEEL ALIGNMENT

| Type: CPF | Technician: Matthew Young | Comeback: N |
|---|---|---|
| Labor: $124.95 | Parts: $0.00 | Misc: $0.00 |

Complaint: FOUR WHEEL ALIGNMENT

Cause:

Correction: 33589 alignment PERFORMED FOUR WHEEL ALIGNMENT , 2.0

Service: MB4 MOUNT AND BALANCE 4 TIRES

| Type: CPF | Technician: Matthew Young | Comeback: N |
|---|---|---|
| Labor: $79.95 | Parts: $724.00 | Misc: $0.00 |

Complaint: MOUNT AND BALANCE 4 TIRES

Cause:

Correction: 33589 tires mount and balance four tires , 1.6

Service: 192274A Replace The Steering Linkage Damper

| Type: WF40 | Technician: Matthew Young | Comeback: N |
|---|---|---|
| Labor: $42.50 | Parts: $69.90 | Misc: $0.00 |

Complaint: CUSTOMER STATES THAT WHEN THE TRUCK HITS BUMPS AT HIGH SPEEDS HE LOOSES CONTROL STEERING AND HE HAS TO SLOW DOWN TO REGAIN CONTROL OF THE STEERING PLEASE CHECK AND ADVISE

Cause: .

Correction: 33589 ssm 19-2274 steering damper replaced steering damper and re test drove , 192274a .4

Service: KDGMR KDG Maintenance Plan Redemption

| Type: CPPMR | Technician: Matthew Young | Comeback: N |
| Labor: $15.72 | Parts: $75.80 | Misc: $0.00 |

Complaint: KDG Maintenance Plan Redemption
Cause:
Correction: 33589 maintenance plan changed oil and filter , .8

Service: EL50 Antenna base - Replace

| Type: CPF | Technician: Matthew Young | Comeback: N |
| Labor: $250.00 | Parts: $22.98 | Misc: $0.00 |

Complaint: Antenna base - Replace
Cause:
Correction: 33589 antenna base broke replace antenna base , ran cable to inside of truck and tested system, 2.0

Service: 99PX COMPLETE EXPRESS SERVICE VEHICLE INSPECTION REPORT AND FILL OUT VEHICLE REPORT CARD.

| Type: ISERV | Technician: Matthew Young | Comeback: N |
| Labor: $0.00 | Parts: $0.00 | Misc: $0.00 |

Complaint: COMPLETE EXPRESS SERVICE VEHICLE INSPECTION REPORT AND FILL OUT VEHICLE REPORT CARD.
Cause:
Correction: 33589 PERFORM MULTI POINT INSPECTION

Service: FU11 Fuel Filter - Replace

| Type: CPF | Technician: Matthew Young | Comeback: N |
| Labor: $150.00 | Parts: $98.11 | Misc: $0.00 |

Complaint: Fuel Filter - Replace
Cause:
Correction: 33589 fuel filters replaced both fuel filters , 1.0

| Repair Order: 402238 | Mileage: 20682 | Total: $1,686.00 |
| Open Date: 04/22/2019 | Closed Date: 04/30/2019 | Advisor : Megan Cornelius |
| Owner: ANGELO WALTON* | | |

Service: SS SERV

| Type: CPF | Technician: Gary Barrett | Comeback: N |
| Labor: $125.00 | Parts: $1,451.45 | Misc: $0.00 |

Complaint: PRICED DRIVER MIRROR REPLACEMENT+---MIRROR IS IN STOCK---REPLACE PER APPROVAL
Cause:
Correction: 20682 REMOVED AND REPLACED LEFT EXTERIOR MIRROR, INSTALLED CHROME SKULL CAP, VERIFIED WORKS CORRECTLY.

| Repair Order: 401674 | Mileage: 19875 | Total: $641.00 |
| Open Date: 04/11/2019 | Closed Date: 04/15/2019 | Advisor : Megan Cornelius |
| Owner: ANGELO WALTON* | | |

Service: KDGDR DIESEL PRE PAID MAINTENANCE REDEMPTION

| Type: CPPMR | Technician: Gary Barrett | Comeback: N |
| Labor: $16.50 | Parts: $63.25 | Misc: $0.00 |

Complaint: DIESEL PRE PAID MAINTENANCE REDEMPTION
Cause: COMPLETE LUBE OIL AND OIL FILTER , TIRE ROTATION AND MULTI POINT INSPECTION
Correction: 19875 CHANGED OIL AND FILTER, LUBE FRONT AXLE U-JOINTS, ROTATE TIRES, INSPECT BRAKES, TIRES, BELTS, HOSES, LIGHTS, WIPERS, DRAIN WATER FROM FUEL, TOP OFF ALL FLUIDS.

Service: KDGDC KDG DIESEL CONTRACT

| Type: CPPMC | Technician: Gary Barrett | Comeback: N |
| Labor: $0.00 | Parts: $0.00 | Misc: $0.00 |

Complaint: KDG DIESEL CONTRACT

Cause: Pre Paid Maintenance Diesel Contract
Correction:

Service: 182268A Replace Damper

| | | |
|---|---|---|
| Type: WF40 | Technician: Gary Barrett | Comeback: N |
| Labor: $42.50 | Parts: $69.90 | Misc: $0.00 |

Complaint: CUSTOMER STATES STEERING WHEEL HAS WOBBLE AFTER HITTING A BUMP OR DRIVING ON HIGHWAY. CUSTOMER HAD IN HERE BEFORE AND IT LESSENED THE ISSUE BUT NOT BY MUCH

Cause:

Correction: 19875 RD. TEST, VERIFIED EXCESSIVE STEERING WHEEL OSCILLATION AT HIGH WAY SPEED WHEN HITTING BUMP, VISUAL INSPECTION, NO LOOSE STEERING COMPONENTS FOUND, RUN OASIS, TEST AND REPLACE STEERING DAMPER PER TSB 18-2268, FOUND LEFT FRONT TIRE AT 70PSI, RIGHT FRONT WAS 60 PSI, ROPE PLUG IN SIDEWALL OF LEFT FRONT TIRE. ROTATE TO REAR OF TRUCK, SET PRESSURE PROPERLY. INFORM CUSTOMER AND RECOMMEND REPLACING TIRE DUE TO SAFETY HAZARD.

Service: 99P DEFAULT

| | | |
|---|---|---|
| Type: ISERV | Technician: Gary Barrett | Comeback: N |
| Labor: $0.00 | Parts: $0.00 | Misc: $0.00 |

Complaint: MULTI POINT INSPECTION

Cause:

Correction: 19875 PERFORM MULTI POINT INSPECTION FRONT PADS AT 4MM, RECOMMEND REPLACEMENT, ROPE PLUG IN SIDE WALL OF TIRE, RECOMMEND CHANGING, DUE TO SAFETY HAZARD, SHOULD NOT PERFORM REPAIR ON SIDE WALL.

Service: SS SS

| | | |
|---|---|---|
| Type: CPF | Technician: Gary Barrett | Comeback: N |
| Labor: $133.95 | Parts: $127.15 | Misc: $0.00 |

Complaint: REPLACE FRONT PADS AND MACHINE ROTORS

Cause:

Correction: 19875 REPLACED FRONT BRAKE PADS, CLEAN AND LUBE CALIPER BRACKET AND SLIDES, MACHINE ROTORS, RD. TEST VERIFIED REPAIR.

Service: SS SS

| | | |
|---|---|---|
| Type: CPF | Technician: Gary Barrett | Comeback: N |
| Labor: $0.00 | Parts: $0.00 | Misc: $0.00 |

Complaint: CUSTOMER STATES DRIVER SIDE VIEW MIRROR IS BROKEN. PLEASE SEND UP PRICING.

Cause:

Correction: 19875 PROVIDE ESTIMATE.

Service: SS SS

| | | |
|---|---|---|
| Type: CPF | Technician: Gary Barrett | Comeback: N |
| Labor: $0.00 | Parts: $0.00 | Misc: $0.00 |

Complaint: DRIVER SIDE MIRROR

Cause:

Correction:

| | | |
|---|---|---|
| Repair Order:395655 | Mileage: 12757 | Total: $98.00 |
| Open Date: 12/27/2018 | Closed Date: 12/31/2018 | Advisor: Norman Lackey |
| Owner:ANGELO WALTON | | |

Service: 99P DEFAULT

| | | |
|---|---|---|
| Type: ISERV | Technician: Glenn Oncay | Comeback: N |
| Labor: $0.00 | Parts: $0.00 | Misc: $0.00 |

Complaint: MULTI POINT INSPECTION

Cause:

Correction: 12757 PERFORM MULTI POINT INSPECTION

Service: 182268A Replace Damper

| | | |
|---|---|---|
| Type: WF40 | Technician: Glenn Oncay | Comeback: N |
| Labor: $42.50 | Parts: $69.90 | Misc: $0.00 |

Complaint: CUSTOMER STATES INTERMENTIALLY VEHICLE WILL START TO SHAKE AT HIGHER SPEEDS

Cause: :

Correction: 12762 VERIFIED CUSTOMER CONCERN, STEERING SHAKES, FOUND TSB 18-2268, PERFORMED TSB, REMOVED AND REPLACED STEERING DAMPER, VERIFIED REPAIR, PASSED 182268A 0.4

Service: LOF DEFAULT

| Type: CPF | Technician: Glenn Oncay | Comeback: N |
|---|---|---|
| Labor: $15.40 | Parts: $75.89 | Misc: $0.00 |

Complaint: CHANGE ENGINE OIL AND FILTER, TOP OFF ALL FLUID LEVELS, CHECK EXTERIOR LIGHTS, LUBE ALL SUSPENSION POINTS, DOOR LOCKS,HINGES,LATCHES,CHECK TIRE WEAR AND SET PRESSURE SPECS,PERFORM VISUAL SAFTY INSPECTION.

Cause:

Correction: 12757 PERFORMED DIESEL OIL AND FILTER CHANGE CHECKED AND REPLENISHED FLUIDS SET TIRE PRESSURES, LUBRICATED FRONT AXLE U-JOINTS, DRAINED WATER IN FUEL, TOPPED OFF DEF

| Repair Order: 389588 | Mileage: 6377 | Total: $98.00 |
|---|---|---|
| Open Date: 09/13/2018 | Closed Date: 10/23/2018 | Advisor: Blaker Chapmen |
| Owner: ANGELO WALTON | | |

Service: RENTAL DEFAULT

| Type: CPF | Technician: Gary Barrett | Comeback: N |
|---|---|---|
| Labor: $0.00 | Parts: $0.00 | Misc: $0.00 |

Complaint: RENTAL CAR

Cause:

Correction:

Service: LOF DEFAULT

| Type: CPF | Technician: Gary Barrett | Comeback: N |
|---|---|---|
| Labor: $15.40 | Parts: $75.89 | Misc: $0.00 |

Complaint: CHANGE ENGINE OIL AND FILTER, TOP OFF ALL FLUID LEVELS, CHECK EXTERIOR LIGHTS, LUBE ALL SUSPENSION POINTS, DOOR LOCKS,HINGES,LATCHES,CHECK TIRE WEAR AND SET PRESSURE SPECS,PERFORM VISUAL SAFTY INSPECTION.

Cause:

Correction: 6377 PERFORMED OIL AND FILTER CHANGE CHECKED AND REPLENISHED FLUIDS SET TIRE PRESSURES LUBE FRONT AXLE U-JOINTS, DRAIN WATER FROM FUEL.

Service: 99P DEFAULT

| Type: CPF | Technician: Gary Barrett | Comeback: N |
|---|---|---|
| Labor: $0.00 | Parts: $0.00 | Misc: $0.00 |

Complaint: MULTI POINT INSPECTION

Cause: :

Correction: 6377 PERFORM MULTI POINT INSPECTION

Service: NPF NO PROBLEM FOUND

| Type: WF40 | Technician: Gary Barrett | Comeback: N |
|---|---|---|
| Labor: $74.38 | Parts: $0.00 | Misc: $0.00 |

Complaint: CUSTOMER STATES WHEN THE TRUCK IS DRIVING TRUCK FEELS LIKE IT IS LOSING POWER---AND SHAKING---AND WHEN YOU LET OFF GAS PEDAL AND GET BACK INTO IT---STRAIGHTENS OUT---CHECK AND ADVISE

Cause: .

Correction: 6377 VISUAL INSPECTION, NPF, SELF TEST PCM, KOEO=PASS, NO CMDTC PRESENT, RUN OASIS, NPF FOR SYMPTOM, RD. TEST WHILE MONITORING DATA PIDS, ALL CYL_BAL PIDS CLOSE TO 0, MAP PRESSURE GETS TO 40.96PSI, ALL IN SPEC, UNABLE TO DUPLICATE CONCERN.

CUSTOMER #: N314586

ANGELO WALTON

**439618**

*INVOICE*

PAGE 1



**NORTHGATE FORD**
8940 Colerain Avenue · CINCINNATI, OH 45251
(513) 385-1414
www.northgatefordcincinnati.com

SERVICE ADVISOR: 32357 JEFFREY MYERS

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN/OUT | TAG |
|---|---|---|---|---|---|---|
| MAGNETIC | 18 | FORD F-350 | 1FT8W3BT2JEB88258 | | 56012/56047 | T5386 |

| DEL DATE | PROD. DATE | WARR. EXP. | PROMISED | P.O. NO | RATE | PAYMENT | INV. DATE |
|---|---|---|---|---|---|---|---|
| 07JUL18 IS | | | | | 125.00 | CASH | 30APR21 |
| 15JAN20 DD | | | 17:00 27APR21 | | | | |

| R.O. OPENED | | READY | OPTIONS: SOLD-STK:JEB88258 ENG:6.7_Liter |
|---|---|---|---|
| 09:23 27APR21 | | 15:12 30APR21 | TRN:6-SPD_AUTO |

LINE OPCODE TECH TYPE HOURS      LIST  NET  TOTAL

A CUST STATES WHILE DRIVING THE TRUCK, STEERING WHEEL AND FRONT END
   SHAKES; IT HAPPENS MORE FREQUENTLY AT HIGH SPEEDS AND NOW MORE
   OFTEN. HAS GOT WORSE MULTIPLE TIMES THROUGHOUT THE DAY. IT HAS
   BEEN HERE BEFORE FOR THE SAME PROBLEM.
CAUSE
  SS CUST STATES WHILE DRIVING THE TRUCK, STEERING
   WHEEL AND FRONT END SHAKES IT HAPPENS MORE
   FREQUENTLY AT HIGH SPEEDS AND NOW MORE
   OFTEN. HAS GOT WORSE MULTIPLE TIMES
   THROUGHOUT THE DAY. IT HAS BEEN HERE BEFORE
   FOR THE SAME PROBLEM.
   31697 WF40. 0.40        (N/C)
  1 KO324-3B651-B DAMPER ASY     (N/C)
  FC: PART#: COUNT
  CLAIM TYPE:
  AUTH CODE: ?
  31697
56047 steering wheel shakes, test drove found steering damper with
exes play, replaced steering damper and retest drive now good 0.40 b
.4

B CUSTOMER STATES THE VEHICLE HAS PREMIUM CARE WARRANTY WITH FORD AND
   WAS TOLD THAT SINCE IT HAS BEEN HERE BEFORE, THERE IS THE 20E07
   RECALL ON VEHICLE BUT IT HAS BEEN STOPPED BY FORD FOR THE TIME
   BEING.
  SS CUSTOMER STATES THE VEHICLE HAS PREMIUM CARE
   WARRANTY WITH FORD AND WAS TOLD THAT SINCE
   IT HAS BEEN HERE BEFORE, THERE IS THE 20E07
   RECALL ON VEHICLE BUT IT HAS BEEN STOPPED BY
   FORD FOR THE TIME BEING.
   31697 CPF 0.00        0.00  0.00
   ************************************************

C TEST DRIVE WITH SERVICE MANAGER-COMEBACK
   TESTD TEST DRIVE WITH SERVICE MANAGER-COMEBACK

ALL PARTS AND LABOR
ARE GUARANTEED FOR 12
MONTHS OR 12,000 MILES
- WHICHEVER COMES FIRST
(EXCLUDING REMAN-
UFACTURED OR USED
PARTS)

| DESCRIPTION | TOTALS |
|---|---|
| LABOR AMOUNT | |
| PARTS AMOUNT | |
| GAS, OIL, LUBE | |
| SUBLET AMOUNT | |
| MISC. CHARGES | |
| TOTAL CHARGES | |
| LESS INSURANCE | |
| SALES TAX | |
| PLEASE PAY THIS AMOUNT | |

Thank you for choosing Northgate Ford. I acknowledge the
accuracy of the description of the problem(s) and/or
symptom(s) experienced as stated on this repair order.

CUSTOMER   SIGN   OR   INITIAL:

CUSTOMER

CUSTOMER COPY

CUSTOMER #: N314586

439618

*INVOICE*

**Ford**

ANGELO WALTON

PAGE 2

**NORTHGATE FORD**
8940 Colerain Avenue · CINCINNATI, OH 45251
(513) 385-1414
www.northgatefordcincinnati.com

SERVICE ADVISOR: 32357 JEFFREY MYERS

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN/OUT | TAG |
|-------|------|-----------|-----|---------|----------------|-----|
| MAGNETIC | 18 | FORD F-350 | 1FT8W3BT2JEB88258 | | 56012/56047 | T5386 |

| DEL DATE | PROD DATE | WARR EXP | PROMISED | PO NO | RATE | PAYMENT | INV DATE |
|----------|-----------|----------|----------|-------|------|---------|----------|
| 07JUL18 IS | | | | | 125.00 | CASH | |
| 15JAN20 DD | | | 17:00 27APR21 | | | | 30APR21 |

R.O. OPENED        READY        OPTIONS:   SOLD-STK:JEB88258 ENG:6.7_Liter
                                TRN:6-SPD_AUTO
09:23 27APR21  15:12 30APR21

| LINE | OPCODE | TECH | TYPE | HOURS | | LIST | NET | TOTAL |
|------|--------|------|------|-------|--|------|-----|-------|
| | 31697 | CPF | 0.00 | | | 0.00 | | 0.00 |

56047 test drive with service manger balanced both front tires and
rotated from side to side, left front tire is now right front.
**************************************************

EST: 64.87      29APR21 16:19  SA: 32357
   CONTACT
**************************************************

EST: 0.00      27APR21 09:23  SA: 32357
   CONTACT:13
**************************************************

I acknowlege the accuracy of the
description(s) of the problem(s) and/or
symptom(s) experienced as stated on this
repair order.

CUSTOMER SIGN OR INITIAL

| | DESCRIPTION | TOTALS |
|--|-------------|--------|
| | LABOR AMOUNT | 0.00 |
| | PARTS AMOUNT | 0.00 |
| | GAS, OIL, LUBE | 0.00 |
| | SUBLET AMOUNT | 0.00 |
| | MISC. CHARGES | 0.00 |
| | TOTAL CHARGES | 0.00 |
| | LESS INSURANCE | 0.00 |
| | SALES TAX | 0.00 |
| | PLEASE PAY THIS AMOUNT | 0.00 |
| | CUSTOMER | |

ALL PARTS AND LABOR
ARE GUARANTEED FOR 12
MONTHS OR 12,000 MILES
- WHICHEVER COMES FIRST
(EXCLUDING    REMAN-
UFACTURED   OR   USED
PARTS)

Thank you for choosing Northgate Ford. I acknowledge the
accuracy of the description of the problem(s) and/or
symptom(s) experienced as stated on this repair order.

CUSTOMER        SIGN        OR        INITIAL:

Copyright 2014 CDK Global, LLC  SERVICE INVOICE TYPE 2 · EXP2 · IMAGING

CUSTOMER COPY

# Exhibit C

# LAW OFFICE OF RONALD J. BOLZ, PLLC

30928 Ford Road
Garden City, MI 48135
Phone: 1-888-453-6667
Fax: 1-888-334-8333
www.LemonAuto.com
RBolz@LemonAuto.com

July 23, 2021

Ford Motor Company
c/o CT Corporation System
4400 Easton Commons Way, Ste. 125
Columbus, Ohio 43219

**RE:** **2018 Ford F-350**
**VIN: 1FT8W3BT2JEB88258**

To Whom It May Concern:

Please be advised that I represent Angelo Walton regarding the sale of the above-referenced vehicle at Northgate Ford on or about July 7, 2018. Mr. Walton, pursuant to the Ohio Uniform Commercial Code, which covers breach of express and implied warranties, revocation of acceptance and other rights and remedies, the Federal Magnuson-Moss Warranty Act and other rights and remedies, does hereby revoke acceptance of the 2018 Ford F-350, and is prepared to file suit to effect revocation of acceptance, cancellation of the sale, return of the vehicle, and payment to him of all monies expended, putting him back in the position he was prior to the contract.

Mr. Walton intends to hold Ford Motor Company liable for all other foreseeable damages due to the nonconforming vehicle and breach of warranties, including attorneys' fees incurred with enforcing his rights pursuant to but not limited to the following: ORC 1302.26, ORC 1302.27, ORC 1302.66, ORC 1302.85, ORC 1302.88, ORC 1302.89, ORC 1302.93, ORC 1345.09, 15 U.S.C. 2301; 15 U.S.C. 2308, and 15 U.S.C. 2310(d)(1) and (2).

Since the date Mr. Walton took delivery, the 2018 Ford F-350 has been in for repairs on numerous occasions and been out of service due to defects for an excessive amount of time. If you do not contact us in writing within 7 days of this letter and acknowledge your breach of warranties and sale of a nonconforming good, we will bring an action seeking all remedies available under the law.

Ford Motor Company
July 23, 2021
Page Two


If I do not hear from you within 7 days, I will assume that you refuse to acknowledge your breach of warranty and the nonconforming nature of the vehicle. Please be advised that if you do not allow return of the vehicle, my client will be forced to continue to use the vehicle to mitigate his damages. However, if you wish for Mr. Walton to discontinue use of the vehicle and thereby increase his damages, please advise me in writing immediately. If I do not hear otherwise, I will assume that you authorize his continued use of the vehicle to minimize his damages.

Please be advised that we are asserting an attorney's lien on any and all proceeds in this matter. All further communications with Mr. Walton must be directed through my office.

Thank you for your anticipated cooperation.

Very truly yours,

**LAW OFFICE OF RONALD J. BOLZ, PLLC**

Christopher A. Winkler, Esq.

CAW/snh

cc: Angelo Walton